ROEMER COMMISSION COMPANY, Appellant, v. ROGER B. ANNAN et al., Respondents.

St. Louis Court of Appeals, November 28, 1899.

1. **Action for Money had and Received:** EVIDENCE INSUFFICIENT TO SUSTAIN A RECOVERY. Plaintiff sued defendants for $1,198.03, the price of 3,576 bushels of corn. The evidence showed that the corn was sold to J. G. Sutherland and that plaintiff was directed by defendants as Sutherland's agents to deliver the corn to the Warehouse Company, which it did with full knowledge of such agency. The price of the corn was collected by Southerland: Held, that plaintiff could not recover and the trial court ruled correctly in sustaining a demurrer to plaintiff's evidence.

Roemer Com. Co. v. Annan.

2. ——: ——: DEFENDANT'S PRINCIPAL RESPONSIBLE. While plaintiff may have a cause of action against the Warehouse Company or Sutherland, it has none against defendants, as it can not be said, that defendants actually received the money, but if they did, it was for their principal, and as agents, it was their duty to have the same placed to his credit as by him directed; furthermore, their principal was responsible so far as the record shows.

Appeal from the City of St. Louis Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

No brief filed for appellants.

*W. H. Clopton* for respondents.

(1) An agent is not bound to those who know he is contracting as agent. Whart. on Agents, secs. 295-506. The agency of Annan, Burg & Smith was fully disclosed to the plaintiffs, therefore, they are not liable. Story on Agency, secs. 263-264. Mechem on Agency, says: "Where the agent, acting in good faith, fully discloses to the other party, at the time, all the facts and circumstances touching the authority under which he assumes to act, so that the other party from such information or otherwise, is fully informed as to the existence and extent of his authority, he can, not be held liable." Michael v. Jones, 84 Mo. 578; Western Cement Co. v. Jones, 8 Mo. App. 373; Humphrey v. Jones, 71 Mo. 62. (2) It would be against equity and good conscience to permit plaintiff to recover in this case. In the case of Cary v. Curtis, 3 How. (U. S.) 246, 247, the court quotes from Lord Mansfield as follows: "Lord Mansfield has well said that this action for money had and received will lie in general whenever the defendant has received money which is the property of plaintiff and which the defendant is obliged by the ties of natural justice and equity to refund." Wharton on Agency, sec. 517; Koontz v. Bank, 51 Mo. 277.

BIGGS, J.—This is an action for money had and re-
ceived. The plaintiff claims that the defendants, composing
the firm of Annan, Burg & Smith, received from the Gratiot
Street Warehouse Company $1,198.03 which belonged to
plaintiff, and which defendants refused to pay on demand. The
substance of the alleged cause of action as stated in the petition
is, that on the twenty-ninth day of April, 1898, the plaintiff
sold "to the defendants for the account of one J. G. Suther-
land" a large quantity of corn, to wit, 150,000 bushels, for the
price of thirty-two and one-half cents per bushel, delivered
on board of cars in the city of St. Louis, and that subsequently
the plaintiff on the order of the defendants delivered to the
Gratiot Street Warehouse Company 3,576 bushels of corn, and
that the warehouse company was to pay plaintiff for the same
at the contract price; that afterwards the defendants collected
the money from the warehouse company and refused to pay it
to plaintiff, although requested so to do.

The answer of the defendants was to the effect that the
corn was bought by Sutherland; that the defendants only
acted as his agents or brokers in the transaction, of which the
plaintiff was fully advised; that Sutherland sold 25,000 bushels
of the corn to the Gratiot Street Warehouse Company; that
defendants, as agents aforesaid, ordered plaintiff to deliver
that amount of corn to the warehouse company; that the plain-
tiff delivered about 10,000 bushels and collected from the
warehouse company the purchase price for all, except the last
delivery, to wit, 3,576 bushels, the price for which was col-
lected by Sutherland, and not by defendants. The answer
contained other averments to the effect that the amount of
money collected by Sutherland was rightfully retained by
him, as he had sustained damage in excess of that amount by
the refusal and failure of plaintiff to keep its contract with him.

The new matter in the answer was put in issue by the
reply.

The cause was submitted to the court without a jury. At the close of plaintiff's evidence the court sustained a demurrer to the evidence, and the plaintiff submitted to an involuntary nonsuit. The court refused to set aside the nonsuit, and the plaintiff appealed.

The evidence of plaintiff justifies the statement that the corn was sold by plaintiff to Sutherland, and that for the purpose of receiving and paying for it as delivered, the defendants, who are grain merchants, were constituted the agents or brokers of Sutherland. The vice-president of the plaintiff corporation admits that he sold the corn to Sutherland; that his negotiations were directly with Sutherland, but the contention of plaintiff is that a few hours after the sale or on the next day, the defendants were substituted as purchasers of the corn. Some isolated statements of the vice-president may probably admit of such an inference, but when his entire testimony is read the conclusion is irresistible that throughout the entire transaction the plaintiff's officers regarded and treated Sutherland as the real purchaser and party in interest. Thus the vice-president states that after a controversy between him and Sutherland about the payment of the money in question, they agreed upon a cancellation of the sale as to the portion of the corn undelivered, and that the defendants were not consulted.

The order of defendants to plaintiff to deliver wheat to the Gratiot Street Warehouse Company is as follows:

"St. Louis, May 14th, 1898.

"Messrs. Roemer Grain Company, City:

"Gentlemen:—You will please deliver to the order of Gratiot Street Warehouse Company 25,000 bushels 2 white corn account our purchase and collect from them at 33 1-2 f. o. b. at elevator."

The plaintiff delivered about 10,000 bushels of corn under this order and received the contract price therefor from the warehouse company for all, except the last delivery, to

wit, 3,576 bushels, the price for which is now in controversy. The plaintiff introduced as a witness one of the defendants. He testified that the settlement with the warehouse company for the last delivery was made by Sutherland; that the defendants had nothing to do with the settlement and knew nothing of it, until after it was made; that in payment of the balance due, Sutherland received from the warehouse company its check drawn in favor of defendants, which check was delivered to defendants by Sutherland to be collected for his account; that the defendants indorsed the check and delivered it to the bank, and that the amount was immediately passed to the credit of Sutherland. The witness also testified that at the time the money was passed to the credit of Sutherland the defendants had no notice that the plaintiff claimed the money. Under this proof the circuit court was justified in nonsuiting the plaintiff. Although the plaintiff may have a cause of action against the warehouse company or against Sutherland, it certainly has none against the defendants, for it can not be said that the defendants actually received the money, or if they did receive it, it was their duty as agents to obey the orders of Sutherland by having the proceeds of the check placed to his credit. They acted throughout the whole transaction for a known and responsible principal and if the plaintiff has been prejudiced in the premises, its right of action is against Sutherland, and not against the defendants.

The judgment of the circuit court will be affirmed. All concur.